UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER A. LEIPHART,

      Plaintiff,

v.                                 Case No. 3:25cv547-TKW-HTC

STEVEN WARRICK, et al.,

      Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Christopher A. Leiphart, proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 related to a shelter hearing in state court[1] (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 4). After reviewing Leiphart's complaint, the undersigned concludes this case should be DISMISSED as frivolous because: (1) his damages claim against Judge Warrick is barred by absolute judicial immunity; and (2) Santa Rosa County is not responsible for the acts of Judge Warrick.[2] In addition, the motion to proceed *in forma pauperis* will be denied.

---

[1] Leiphart also filed exhibits related to the state court proceeding. Doc. 3.

[2] Although federal courts may abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971) when a federal action interferes with ongoing state proceedings that implicate important state interests, dismissal is appropriate here because Leiphart's damages claims are frivolous. *See Marts v. Hines*, 68 F.3d 134, 135 (5th Cir. 1995) (when considering whether to stay or dismiss a damages claim under *Younger*, a district court should make "the threshold determination whether the action is frivolous").

## I.    Background

Leiphart sues two Defendants: (1) Circuit Court Judge Steven Warrick; and (2) Santa Rosa County.  His complaint sets forth the following factual allegations.

On April 24, 2025, Leiphart filed an "emergency verified motion for temporary injunctive relief and protective order" in Santa Rosa County Juvenile Dependency Case No. 2025 DP 29.  The motion: (1) challenged "unlawful shelter actions" initiated by the Department of Children and Families ("DCF") and the Santa Rosa County Sheriff's Office; and (2) sought to protect Leiphart's child from an unconstitutional seizure.

Judge Warrick failed to consider or rule on Leiphart's emergency motion before convening a shelter hearing on April 25, 2025.  At the hearing, Judge Warrick did not provide Leiphart a meaningful opportunity to be heard, did not rule on his emergency motion, and did not require the State to present verified evidence of imminent danger.  Instead, Judge Warrick "reversed the burden of proof" and required Leiphart to disprove unfounded allegations.  The hearing resulted in Leiphart's child being "unlawfully" seized by law enforcement and DCF agents.

Based on the foregoing, Leiphart alleges the Defendants violated his due process rights under the Fourteenth Amendment.  As relief, he seeks $5 million in damages.

## II.    Legal Standard

By moving to proceed *in forma pauperis*, Leiphart has invoked the screening provisions of 28 U.S.C. § 1915(e)(2)(B).  *See Whitted v. Sarasota Mem'l Hosp.*, 2024 WL 4392784, at *1 n.1 (M.D. Fla. Oct. 3, 2024) (construing a *pro se* litigant's "failure to pay the filing fee as a request to proceed *in forma pauperis*" when screening and dismissing his complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)).    Under § 1915(e)(2)(B), the Court must dismiss Leiphart's complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

## III.   Discussion

### A.    Judge Warrick is entitled to absolute judicial immunity.

"A judge is entitled to absolute judicial immunity from damages for actions taken while acting in [the judge's] judicial capacity, unless [the judge] acted in the 'clear absence of all jurisdiction.'"  *Higdon v. Tusan*, 746 F. App'x 805, 810 (11th Cir. 2018) (citation omitted).  The immunity applies even if the judge "made a mistake, acted maliciously, or exceeded his authority."  *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018) (citation omitted).

Here, Leiphart argues Judge Warrick acted in the clear absence of all jurisdiction because he refused to rule on Leiphart's emergency motion before

authorizing officials to take custody of the child, refused to give Leiphart a meaningful opportunity to be heard at the shelter hearing, and shifted the burden of proof to Leiphart. However, a judge acts in the clear absence of all jurisdiction only "if the matter upon which []he acts is clearly outside the subject matter jurisdiction of the court over which []he presides." *Higdon*, 746 F. App'x at 810-11 (noting "[s]ince questions of subject matter jurisdiction often are difficult, 'the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge'"). "A finding of judicial immunity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; or (4) the confrontation arose immediately out of a visit to the judge in [his] judicial capacity." *Id.* at 811 (citing *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005)).

Leiphart's allegations make it clear Judge Warrick is entitled to absolute judicial immunity. First, Florida law provides a circuit court judge such as Judge Warrick has jurisdiction to hold a shelter hearing. *See* Fla. Stat. § 39.402(6)(a) ("The circuit court, or the county court if previously designated by the chief judge of the circuit court for such purpose, shall hold the shelter hearing."). Second, the acts Leiphart complains of—determining when to rule on motions, what evidence should be presented, and who has the burden of proof—are normal judicial functions. *See*

*Cox v. Mills*, 465 F. App'x 885, 887 (11th Cir. 2012) ("[T]he misconduct that Cox alleged below and now argues on appeal—that the state court judges held hearings, disposed of motions, and made recusal decisions—are all, by their nature, normal judicial functions.").

The acts Leiphart complains about also: (1) occurred in open court at the shelter hearing; (2) involved a dependency case pending before Judge Warrick; and (3) arose out of a visit to Warrick in his judicial capacity.  Thus, even if Judge Warrick made legal errors or failed to follow certain provisions of state law, he is entitled to absolute judicial immunity.  *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'").  Leiphart's claim against Warrick, therefore, is frivolous and must be dismissed.

### B.    Santa Rosa County is not responsible for the acts of Judge Warrick.

"A county is liable under § 1983 if one of its 'customs, practices, or policies' was the 'moving force' behind a constitutional injury."  *Grochowski v. Clayton County*, 961 F.3d 1311, 1321 (11th Cir. 2020) (citation omitted).  "To prevail on such a claim, 'a plaintiff must show: (1) that his constitutional rights were violated; (2) that the [County] had a custom or policy that constituted deliberate indifference to

that constitutional right; and (3) that the policy or custom caused the violation.'" *Id.* (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)).

Here, Leiphart alleges that Santa Rosa County: (1) through its customs or policies, "allowed or failed to prevent" the "unlawful judicial practices" of Judge Warrick, which constitutes "deliberate indifference to the rights of litigants in dependency proceedings"; and (2) "failed to adequately supervise, monitor, or discipline judges and officers under its authority, permitting the deprivation of due process rights of parents and children."

As an initial matter, these allegations regarding Santa Rosa County are conclusory and insufficient to support a municipal liability claim under §1983. *See Holt v. Floyd Cnty., Ga.*, 747 F. App'x 832, 833 (11th Cir. 2019) (affirming dismissal of § 1983 municipal liability claim where plaintiff "had pled only conclusory allegations of a policy, practice or custom"); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (allegation that there is "a long standing policy, practice, and custom of treating similarly situated prisoners differently in this application of gain time" was vague, conclusory, and insufficient to support supervisory liability). Nowhere in the complaint does Leiphart allege how Santa Rosa County's customs or policies influenced the decisions Judge Warrick made during the dependency proceeding.

In addition, while Leiphart asserts the County "failed to adequately supervise, monitor, or discipline judges and officers under its authority," he does not allege any facts to support that assertion. He does not allege the County was aware of widespread misconduct by circuit court judges generally, or by Judge Warrick in particular. *See Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986) ("To establish a policy or custom, it is generally necessary to show a persistent and wide-spread practice. Moreover, actual or constructive knowledge of such customs must be attributed to the governing body of the municipality. Normally random acts or isolated incidents are insufficient to establish a custom or policy.") (citation omitted).

Moreover, Santa Rosa County is not responsible for supervising and disciplining circuit court judges. Indeed, Florida circuit court judges are considered *state* officials, *Badillo v. Thorpe*, 158 F. App'x 208, 212 (11th Cir. 2005), and the Florida Constitution makes the Judicial Qualifications Commission and the Florida Supreme Court responsible for disciplining circuit court judges. *See Watson v. Fla. Judicial Qualifications Comm'n*, 746 F. App'x 821, 824 (11th Cir. 2018) ("The Florida Constitution vests the JQC with jurisdiction to investigate and recommend to the Florida Supreme Court the removal from office or discipline of any judge whose conduct, during their term of office or otherwise, demonstrates a present unfitness to hold office or warrants discipline.") (citing Fla. Const. Art. V,

§ 12(a)(1)).  Because Santa Rosa County is not responsible for the actions Judge Warrick took during the dependency proceeding, Leiphart's claim against the County is frivolous.

## IV.  Conclusion

As described above, Leiphart's claims are frivolous.  In addition, because Judge Warrick is entitled to absolute judicial immunity, and Santa Rosa County is not responsible for the actions of circuit court judges, Leiphart could not amend the complaint to state a claim.  Thus, giving Leiphart an opportunity to amend the complaint would be futile, and this case should be dismissed.  *See Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.") (citation omitted).

Accordingly, it is ORDERED:

1.    Leiphart's motion to proceed *in forma pauperis* (Doc. 4) is DENIED.

And it is RECOMMENDED:

1    That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

2.    That the clerk close the file.

At Pensacola, Florida, this 29th day of April, 2025.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.